# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**WILLIAM R. LONGLEY,**

    **Plaintiff,**

v.                                                                                                 **Case No. 3:08-cv-01259**

**RENAE STUBBLEFIELD,**
**Personally, and in her professional**
**capacity as Administrator of**
**Huntington Work Release, et al.,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On November 3, 2008, plaintiff William R. Longley (hereinafter "Plaintiff), acting *pro se,* filed a Complaint pursuant to 42 U.S.C. § 1983 (Docket No. 2), alleging discrimination in the administration of health care services to inmates of the Huntington Work/Study Release Center.[1] In particular, Plaintiff alleged that the administrator and secretary of the Center "re-routed" inmates needing dental services from a community clinic to a dentist with whom the administrator and secretary had a "deal." According to Plaintiff, this dentist charged five times the rate of other dentists; if inmates could not pay the fee, they were denied dental care. At the same time Plaintiff filed the Complaint, he filed an Application to Proceed Without Prepayment of Fees and

---

[1] The Huntington Work/Study Release Center is a community-based correctional facility operated by the West Virginia Division of Corrections. The facility houses non-violent offenders who are usually serving the last third of their sentence prior to parole or discharge and have been screened for participation in the work/study release program. *See* West Virginia Division of Corrections website at www.wvdoc.com.

Costs (Docket No. 1) and a letter indicating that his brother would pay the filing fee and service costs as soon as Plaintiff knew how much to pay and to whom to send the check (Docket No. 4). To date, Plaintiff has neither paid the filing fee, nor inquired as to the status of the case.

On September 3, 2010, the Clerk of Court sent Plaintiff a Notice that the case had been transferred to the undersigned for total pretrial management and submission of proposed findings of fact and recommendations for disposition (Docket No. 6). On September 22, 2010, the Notice was return to the Clerk as undeliverable with no forwarding address (Docket No. 7). The Clerk documented that Plaintiff was no longer at the address he provided to the Clerk's office and had not submitted a forwarding address to the Clerk. Thereafter, the Court undertook steps to locate Plaintiff, including, but not limited to, searching for Plaintiff through the websites of the Bureau of Prisons and the West Virginia Division of Corrections and contacting by telephone the witnesses identified by Plaintiff in the Complaint (Docket No. 2 at 6). The Court was unsuccessful in these efforts.

Accordingly, an Order was entered by the Court on March 22, 2011 requiring Plaintiff to provide written notice of his current contact information and confirming his intention to prosecute the Complaint (Docket No.8). Plaintiff was advised that a failure to comply with the Order within 30 days would result in a recommendation of dismissal of the matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court sent the Order to the address on file for the Plaintiff and subsequently resent the Order to a second address (Docket Nos. 9 and 10). On both occasions, the mailing was returned as undeliverable with no forwarding address. Inasmuch as Plaintiff filed the Complaint nearly two and one half years ago and has not,

since that time, submitted the filing fee, as promised, or provided notice of his whereabouts, the undersigned has determined that Plaintiff shows no interest in further prosecution of this civil action and, thus, the Complaint should be dismissed.

I. **Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Procedure implemented by the United States District Court for the Southern District of West Virginia[2] invest this Court with power to dismiss an action for failure to prosecute or comply with the Rules of Civil Procedure. A dismissal can be made upon the motion of the defendant or *sua sponte* when it appears "that the parties have shown no interest in further prosecution." L.R.Civ. P. 41.1. *See, also, Link v. Wabash Railroad Co.,* 370 U.S. 626, 629 (1962). The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends upon the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989).

When evaluating whether to dismiss a case for failure to prosecute, the District Court should consider the following factors:

(1) the degree of personal responsibility of the plaintiff;

(2) the amount of prejudice caused the defendant;

(3) the existence of a history of deliberately proceeding in a dilatory fashion; and

---

[2] Fed. R. Civ. P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L.R. Civ. P. 41.1 supplements Rule 41(b), stating, "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

      (4)    the existence of a sanction less drastic than dismissal.

*Id.*

Here, the action rests dormant on the Court's docket, because Plaintiff has failed to comply with his responsibility under L. R. Civ. P. 83.5, which states, "A party who represents himself or herself shall file with the clerk his or her complete name and address where pleadings, notices, orders, and other papers may be served on him or her, and his/her telephone number. **A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number."** (emphasis added). Consequently, when considering the first factor, the undersigned finds that the current delay in this case is solely the responsibility of Plaintiff.[3]

Turning to the second factor, the undersigned does not find that a dismissal would cause prejudice to the defendant; while to the contrary, allowing the matter to linger in anticipation that Plaintiff may, at some point in the future, develop a renewed interest in pursuing the case would result in prejudice to defendant. Certainly, the longer the action exists without significant activity, the greater the difficulty the parties will have in resurrecting the facts and locating the witnesses.

Addressing the third factor, the undersigned has no evidence or record upon which to judge Plaintiff's history of proceeding in a dilatory manner, except to note that Plaintiff twice indicated that he would pay the filing fee, but has not done so. A substantial amount of time has passed without any communication or inquiry from Plaintiff, which, while not unambiguous evidence that Plaintiff is dilatory, certainly suggests a lack of interest on the part of Plaintiff in pursuing this civil action.

---

[3] Defendants have not been required to make an appearance in this action.

Finally, in consideration of the fourth factor, the undersigned acknowledges that dismissal is a severe sanction and should not be invoked lightly.  However, having evaluated the alternatives, no other reasonable course of action is apparent. The Court has already taken steps to discover Plaintiff's whereabouts and has exhausted the avenues open to it.  Allowing the matter to remain on the Court's docket, in limbo, does not further the ends of justice or promote the efficiency of the judicial system; in fact, the opposite is true.  Similarly, requiring defendant to expend time and resources responding to the Complaint and developing a defense defies concepts of logic and equity; particularly, when Plaintiff appears unconcerned about the outcome of the case. Accordingly, a dismissal of the action, without prejudice, is merited under the circumstances of this case.

## II.    Proposed Finding of Facts and Recommendation

The undersigned respectfully **PROPOSES** that the District Judge confirm and accept the forgoing analysis and **FIND** that Plaintiff has failed to prosecute this civil action; Plaintiff has failed to comply with the Local Rules of Procedure, which place a duty on Plaintiff to promptly update his contact information; and that dismissal, without prejudice, is the appropriate sanction under the circumstances of this case.  The undersigned further respectfully **RECOMMENDS** that the District Judge:

1. **DISMISS,** this civil action (Docket No. 2)**, without prejudice**, for failure to prosecute; and

2. **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Docket No. 1) as moot; and

3. **REMOVE** this action from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Movant, the respondent, and any counsel of record.

                                        **FILED:** April 29, 2011.

                                        Cheryl A. Eifert
                                        United States Magistrate Judge